# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARC KIELER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2025-0150-DG |
| | ) | |
| LEND ME IT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING THE SUPPLEMENTAL AFFIDAVIT OF DANIEL A. O'BRIEN PURSUANT TO RULE 88

**WHEREAS:**

A.    On February 12, 2025, Plaintiff filed his Verified Complaint Under 8 *Del. C.* § 220.[1]

B.    Defendant did not appear or otherwise submit a timely response to the Verified Complaint.[2]

C.    On April 3, Plaintiff filed his Motion for Entry of Default Judgment Against Defendant.[3]

---

[1] Dkt. 1.

[2] *See* Ct. Ch. R. 12(a)(1); Dkt. 11 (defense counsel enters appearance on June 23).

[3] Dkt. 8.

D.     On June 6, the Court granted Plaintiff's motion, and entered judgment against Defendant.[4]     The Court also awarded Plaintiff his "attorneys' fees, costs, and expenses" incurred in this action.[5]

E.     On June 24, Plaintiff's counsel filed the Affidavit of Daniel A. O'Brien Pursuant to [Court of Chancery] Rule 88 ("Fee Affidavit").[6]

F.     In the Fee Affidavit, Plaintiff's counsel sought $262,789.75 in attorneys' fees and court costs, reflecting 293.3 hours of work to obtain the default judgment.[7]

G.     On July 1, Defendant filed its Motion for Relief From Judgment, seeking to vacate the Court's June 6 order ("Motion to Vacate").[8]

H.     On July 18, Plaintiff filed his opposition to the Motion to Vacate.[9]

I.     On October 30, the Court entered an order denying the Motion to Vacate and denying the Fee Affidavit in part.[10]

---

[4] Dkt. 9.

[5] *Id.* ¶ 4.

[6] Dkt. 13; Ct. Ch. R. 88.

[7] Dkt. 13 ¶¶ 4–5,

[8] *See* Dkt. 15.

[9] Dkt. 21.

[10] *See* Dkt. 29.

J.     The Court denied Plaintiff's request for fees for actions that "Plaintiff's counsel would have taken if Defendant litigated this action. [Including] all services rendered drafting the [demand for books and records], preparing and filing [Plaintiff's complaint], and reviewing Defendant's interim document productions."[11]

K.     The Court ordered Plaintiff's counsel to submit supplemental filings to help it assess the reasonableness of the remainder of Plaintiff's fee request.[12]

L.     On November 14, Plaintiff filed the Supplemental Affidavit of Daniel A O'Brien Pursuant to Rule 88 ("Supplemental Fee Affidavit") and the additional exhibits responsive to the Court's October 30 order.[13]  The Supplemental Fee Affidavit requested $39,298.70 in fees related to the Motion for Entry of Default Judgment Against Defendant and responding to the Motion to Vacate.[14]

**IT IS ORDERED**, this 19th day of November, 2025, that:

1.     Plaintiff's fee request is GRANTED. Defendant shall pay $39,298.70 to Plaintiff's attorneys.

---

[11] Dkt. 29 ¶ 26.

[12] *Id.* ¶ 27–28.

[13] Dkt. 30.

[14] *Id.* ¶ 8.

2. "Delaware law dictates that, in fee shifting cases, a judge determines whether the fees requested are reasonable."[15] In assessing reasonableness, "[t]he Court has broad discretion in determining the amount of fees and expenses to award."[16]

3. To evaluate reasonableness, the Court considers the factors set forth in Rule 1.5(a) of the Delaware Lawyers' Rules of Professional Conduct.[17]

4. While the Court need not "examine individually each time entry and disbursement,"[18] the Court should consider "whether the number of hours devoted to litigation was "excessive, redundant, duplicative or otherwise unnecessary."[19]

5. The Court is satisfied that the fees requested by Plaintiff are reasonable, and recommends that Plaintiff be awarded in the amount of $39,298.70 in attorneys' fees and costs.

---

[15] *Bruckel v. TAUC Hldgs., LLC*, 2023 WL 4583575, at *17 (Del. Ch. July 17, 2023) (quoting *Mahani v. Edix Media Gp., Inc.*, 935 A.2d 242, 245 (Del. 2007)).

[16] *Id.* (quoting Black v. Staffieri, 2014 WL 814122, at *4 (Del. Feb. 27, 2014) (TABLE)).

[17] *See Mahani*, 935 A.2d at 245–46 (citing *All Pro Maids, Inc. v. Layton*, 2004 WL 1878784, at *1 (Del. Ch. Sept. 18, 2020)); Del. Lawyers' R. Prof'l Conduct 1.5.

[18] *Danenberg v. Fitracks, Inc.*, 58 A.3d 991, 997 (Del. Ch. 2012) (citing *Aveta Inc. v. Bengoa*, 2010 WL 3221823, at *6 (Del. Ch. Aug. 13, 2010)).

[19] *Mahani*, 935 A.2d at 247–48 (quoting *All Pro Maids*, 2004 WL 3029869, at *5).

6.     Counsel must meet and confer to determine the appropriate method and schedule for completing payment by December 5, 2025.

7.     This is my Final Report under Court of Chancery Rule 144.[20] Exceptions may be taken by filing the appropriate notice by November 22.[21] Any previous stays on taking Exceptions are hereby lifted.

/s/ *Danielle Gibbs*
Magistrate in Chancery

---

[20] Ct. Ch. R. 144(b)(2).

[21] *See* Ct. Ch. R. 144(d)(2).